T. C. Bidwell, et al., *v.* James Fackler.

**Statute of Frauds—Specific Performance—Description in Deed.**
No action at law or suit in equity can be maintained to enforce a verbal contract for the sale of real estate, and hence the court cannot decree specific performance of such a contract.

**Description in Deed.**
Where a description in a deed is so vague and uncertain that the vendee cannot learn from it what land he takes under it, the deed is void for uncertainty.

APPEAL FROM BRECKENRIDGE CIRCUIT COURT.

September 29, 1874.

OPINION BY JUDGE PETERS:

This court has held that the effect of the statute against frauds and perjuries is that no action at law, or suit in equity can be supported to enforce a verbal contract for the sale of land. The statute, therefore, withholds the remedy for an enforcement of the verbal contract for the sale of the land; the appellants cannot enforce a specific execution thereof, there being no consideration passing to appellee.

But independent of the statute, there are other reasons why the demurrer should have been sustained.

The deed tendered in this case by appellants was not accepted; they fail in their petition to allege that they have a clear legal title to the land, and are able to make such a title to appellee. They do not allege that Porter had purchased the interest in the land from Mrs. Duvall, who, according to the recitals in the deed, is one of the children and heirs of John McFarlan, deceased, and entitled as such to one share in the land. It is merely alleged that Porter is entitled to two shares, and that Tompkins and wife had conveyed one share to him, but how or from whom he derived title for the other share is not alleged.

Besides description of the land as set forth in the deed is too vague and uncertain. The vendee cannot learn from the deed what land he takes under it, for the deed recites that the land must thereafter be surveyed to ascertain the boundary of the land, and its quantity, and no specific description is set forth in the petition.

One of the persons named as grantor is alleged to be a minor, and no indemnity or assurance is given that he will ratify the contract after he arrives at full age; and although he is named as a grantor in the body of the deed, he has not signed or acknowledged it.

The petition was therefore insufficient and the demurrer to the same properly sustained. Wherefore the judgment is *affirmed.*

*Sweeney & Stuart, J. W. Kincheloe, for appellants.*
*Williams, Haswell, for appellee.*